IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamal Leland Landrum,<br><br>        Petitioner,<br><br>vs.<br><br>Louis W. Winn, Warden,<br><br>        Respondent. | No. CV-14-02416-TUC-RCC (CRP)<br><br>**REPORT AND<br>RECOMMENDATION** |

    Petitioner Jamal Leland Landrum, proceeding pro se, has filed a Petition Under 28 U.S.C. § 2241 For A Writ of Habeas Corpus By A Person In Federal Custody (Doc. 1, Pet.), and a Memorandum of Law. (Doc. 1-1, Mem.). Respondent has filed a Return and Answer (Doc. 9, Answer). Petitioner has not filed a Reply. This matter has been referred to the Magistrate Judge for a Report and Recommendation. (Doc. 5, Order). For the reasons that follow, the Magistrate Judge recommends that the Petition for Writ of Habeas Corpus be dismissed.

    Petitioner is presently incarcerated at the United States Penitentiary in Tucson, Arizona ("USP-Tucson") based on his conviction for sex trafficking of children. (Answer

at 1 & Doc. 9, Ex. A, Roush Decl. ¶ 4).[1]  Petitioner is serving a 120-month sentence with a projected release date of December 8, 2022.  (*Id*.).

Petitioner contends in his Petition and Memorandum that Respondent has improperly calculated  his federal sentence by failing to award him prior jail time credit as required under *Setser v. United States*, __U.S.__, 132 S.Ct. 1463 (2012) and 18 U.S.C. § 3585(b). Petitioner contends he is entitled to 505 days of prior jail time credit. (Mem. at 4).  Petitioner admits that he has not exhausted available administrative remedies but contends that exhaustion should be excused because pursuing administrative remedies would be futile. (Mem. at 4-5).

Respondent contends that the Petition should be dismissed for lack of exhaustion as Petitioner filed administrative remedies with the Warden only and failed to subsequently appeal to the regional level.  (Answer at 4-5).  Respondent also contends that if the Court considers the merits of Petitioner's claim, Petitioner's federal sentence has been properly calculated and thus the Petition should be dismissed.  (*Id*. at 5-8).

**I.     Background Facts**

On December 18, 2012, the same date as Petitioner's federal offense, Petitioner was arrested on state narcotics and firearms charges in California.  (Doc. 9, Ex. A, Roush Decl. ¶ 5). On February 27, 2013, Petitioner was sentenced on the California state charges to 16 months in state custody with 144 days of jail credit.  (*Id*. ¶ 6, Attach. 3).  While in state custody, on or about March 12, 2013, Petitioner was "borrowed" pursuant to a writ of habeas corpus *ad prosequendum* and brought into federal custody.  (*Id*. ¶ 6, Attach. 4).  Petitioner remained in the primary custody of the California Department of Corrections and Rehabilitation ("CDCR") and earned credit on his state sentence while out on the writ.  (*Id*.

---

[1] Respondent has provided the Declaration of Andrew Roush who is employed by the Department of Justice, Bureau of Prisons ("BOP"), as a Correctional Programs Specialist at the Designation and Sentence Computation Center in Grand Prairie, Texas. (Doc. 9, Ex. A, Roush Decl.). Mr. Roush has certified that certain records attached to his Declaration are true and accurate copies of records possessed and maintained by the BOP. (*Id*.).

1  ¶ 7 & Attach. 3 at 5). On June 20, 2014, Petitioner was sentenced in the U.S. District Court
2  for the Southern District of California to 120 months of incarceration on one count of the
3  federal charges. (*Id.* ¶ 7 & Attach. 5 (Judgment in a Criminal Case)). On July 9, 2014, the
4  CDCR determined that Petitioner had completed his state sentence as of that date. (*Id.* ¶ 8
5  & Attach. 3 at 5). Petitioner's federal sentence computation began to run as of July 9, 2014.
6  (*Id.* ¶ 8 & Attach. 1). On August 4, 2014, Petitioner was transferred from the custody of the
7  United States Marshal's Service to BOP custody. (*Id.* ¶ 8 & Attach. 1).

8      BOP records show that Petitioner filed an administrative remedy with the Warden.
9  (*Id.* ¶ 10). Upon review by the BOP Designation and Sentence Computation Center,
10 Petitioner's sentence computation was determined to be correct based on then available
11 documents. (*Id.*). Petitioner did not appeal that decision to the next level, which is the
12 regional level of review. (*Id.*).

13     After Petitioner filed the present habeas action, the Designation and Sentence
14 Computation Center again reviewed the matter and obtained a copy of the CDCR's sentence
15 computation for Petitioner. (*Id.* ¶ 11 & Attach. 3). Based on this review, it was determined
16 that Petitioner had been sentenced to state custody for 16 months, or 487 days, that he had
17 spent from December 18, 2012 (date of state arrest and date of federal offense) until August
18 4, 2014 (date admitted to BOP custody) in state custody, for a total of 595 days, meaning that
19 Petitioner had over-served his state sentence by 108 days. (Doc. 9, Ex. A, Roush Decl. ¶ 11).
20 This computation included the time Petitioner was in federal custody from March 2013 until
21 August 2014 on a writ of habeas corpus *ad prosequendum* for which he was earning state
22 credit, not federal credit. (*Id.*)

23     BOP has updated Petitioner's sentence computation to reflect 108 days prior jail
24 credit. (*Id.* ¶ 12 & Attach. 1 at 3). Petitioner's revised projected release date is December
25 8, 2022. (Doc. 9, Ex. A, Roush Decl. ¶ 13).

26 **II.    Discussion**

27     Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the
28 district courts "within their respective jurisdictions." A writ of habeas corpus operates not

1  upon the prisoner, but upon the prisoner's custodian. *Braden v. 30th Judicial Circuit Court*
2  *of Kentucky*, 410 U.S. 484, 494–495 (1973). *See Rumsfeld v. Padilla*, 542 U.S. 426, 446–47
3  (2004) (the warden of the penitentiary where a prisoner is confined constitutes the custodian
4  who must be named in the § 2241 petition, and the petition must be filed in the district of
5  confinement). A habeas corpus action is the proper mechanism for a prisoner to challenge
6  the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484-87, 500
7  (1973); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir.1991) (holding that a claim that time
8  spent serving a state sentence should have been credited against a federal sentence concerned
9  the fact or duration of confinement and thus should have been construed as a petition for writ
10 of habeas corpus pursuant to § 28 U.S.C. § 2241).

### A.  Exhaustion of Available Remedies

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir.2012). The BOP's Administrative Remedy Program allows inmates to seek formal review of issues related to aspects of their confinement. (Doc. 9, Ex. A, Roush Decl. ¶ 9). The program has four levels of review. (*Id.*). At the first level, the inmate is required to try and informally resolve his grievance with Unit Team staff. (*Id.*). If the grievance is not resolved informally, at the next level the inmate may submit an Administrative Remedy Request to the Warden using the appropriate form. (*Id.*). If the inmate is not satisfied with the Warden's response, the inmate may submit an appeal using the appropriate form to the Regional Director within 20 days of the Warden's response. (*Id.*). If not satisfied with the Regional Director's response, within 30 days thereafter, the inmate may seek an appeal using the appropriate form to the General Counsel which is the fourth and final review level. (*Id.*). See also 28 C.F.R. § 542.10 et seq. for BOP's administrative remedy program.

The records on file show that Petitioner attempted to informally resolve the sentence computation issue with Unit Team staff followed by an administrative remedy to the Warden, the first and second levels of review. (Answer at 3 & Ex. A, Roush Decl. ¶ 10). Petitioner

1 did not submit an appeal to the Regional Director. (*Id*.). Respondent contends that the habeas petition should be dismissed for Petitioner's failure to exhaust his administrative remedies. (Answer at 5). Petitioner acknowledges that he did not exhaust his administrative remedies but contends that any further review request would have been futile based on the Warden's October 2, 2014 response that Petitioner's sentence had been properly calculated. (Mem. at 4-5 & Doc. 1-1 at 18 (Request for Administrative Remedy, Remedy ID No. 795710-F1, Part B, Response dated 10-2-2014)).

In the context of habeas actions, exhaustion of administrative remedies is futile "where the agency's position on the question at issue appears already set, and it is very likely what the result of recourse to administrative remedies would be." *Sun v. Ashcroft*, 370 F.3d 932, 943 (9th Cir. 2004). Courts generally have limited the futility exception to circumstances in which a prisoner has shown that further appeals within the prison system would be denied based on BOP's official policy. *See*, *e.g.*, *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993).

In this case, the BOP conducted another review of Petitioner's sentence computation issue after the denial of relief at the administrative level of review before the Warden. Respondent characterizes this subsequent review as "the same review that would have been completed if Petitioner had proceeded to the regional level of an administrative remedy appeal." (Answer at 3 & Ex. A, Roush Decl. ¶ 11). Because the BOP reviewed the sentence computation issue as if Petitioner had pursued an appeal to the Regional Director, the Magistrate Judge finds that it is not necessary to consider Respondent's argument that the habeas petition should be dismissed for lack of administrative exhaustion or Petitioner's argument that a further appeal would have been futile. Both arguments have essentially become moot.

**B.   Consideration of the Merits of Petitioner's Claim**

Pursuant to 18 U.S.C. § 3585(a), "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the

sentence is to be served." Section 3585(b) provides as follows regarding credit for prior custody:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Based on § 3585(b), a defendant is only entitled to credit for time served prior to sentencing if that time has not been credited against another sentence. The Supreme Court has made clear that § 3585(b) does not authorize a district court to compute the credit at sentencing. *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *see also Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir.1998). Rather, "the Attorney General, through the BOP, has the responsibility for administering the sentence." *Wilson*, 503 U.S. at 335.

Generally, "[d]etermination of priority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns." *United States v. Warren*, 610 F.2d 680, 684–85 (9th Cir.1980). The production of a defendant in state custody to a federal court pursuant to a writ of habeas corpus *ad prosequendum* does not constitute the commencement of a sentence under federal law. *Schleining v. Thomas*, 642 F.3d 1242, 1243 n. 1 (9th Cir. 2011). The prisoner "is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly." *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) (quoting *Crawford v. Jackson*, 589 F.2d 693, 695 (D.C. Cir. 1978)). *See also*, *Taylor v. Reno*, 164 F.3d 440, 444-45 (9th Cir. 1998) (same).

Petitioner was in California custody when federal authorities obtained custody of him pursuant to a federal writ of habeas corpus *ad prosequendum*. California was Petitioner's

1 primary custodian and his transfer to federal custody did not transfer primary jurisdiction
2 from California to the federal government.

3 Petitioner's California sentence was completed on July 9, 2014 and his federal
4 sentence computation commenced that same date. The BOP has now reviewed relevant
5 California state records and determined that Petitioner served 595 days in state custody when
6 he should have served 487 days. Because the extra 108 days Petitioner spent in state custody
7 have not been credited toward any other sentence, the BOP has credited those 108 days
8 toward Petitioner's federal sentence. The 487 days that Petitioner correctly served as his
9 state court sentence have been credited toward that state sentence and thus cannot be credited
10 against Petitioner's federal sentence. (Doc. 9, Ex. A, Roush Decl. ¶ 12). See 18 U.S.C. §
11 3585(b); *Wilson*, 503 U.S. at 337. Petitioner has received all of the prior custody credit to
12 which he is entitled. Petitioner has not filed a reply contesting this prior custody credit.
13 Petitioner therefore has received the remedy requested in his habeas petition and his petition
14 should be dismissed.

## III. Recommendation

16 Based on the foregoing, the Magistrate Judge recommends that the District Court,
17 after its independent review, enter an Order dismissing the Petition Under 28 U.S.C. § 2241
18 For A Writ of Habeas Corpus By A Person in Federal Custody (Doc. 1).

19 Pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure
20 and LRCiv 7.2(e) of the Rules of Practice of the U.S. District Court for the District of
21 Arizona, any party may serve and file written objections within **Fourteen (14) Days** after
22 being served with a copy of this Report and Recommendation. A party may respond to
23 another party's objections within **Fourteen (14) Days** after being served with a copy.
24 Fed.R.Civ.P. 72(b)(2). No replies to objections shall be filed unless leave is granted from
25 the District Court to do so. If objections are filed, the parties should use the following case
26 number: **CV-14-02416-TUC-RCC**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to de novo review of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

DATED this 17th day of May, 2016.

_____
**CHARLES R. PYLE**
UNITED STATES MAGISTRATE JUDGE