IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamal Leland Landrum,<br><br>        Petitioner,<br><br>v.<br><br>Louis W Winn,<br><br>        Respondent. | No. CV-14-02416-TUC-RCC<br><br>**ORDER** |

Pending before the Court are Petitioner Jamal Leland Landrum's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Magistrate Jude Charles R. Pyle's Report and Recommendation (R & R) (Docs. 1 and 14). After the R & R was filed, Petitioner replied to Respondent Louis W. Winn's response. Doc. 15. On July 29, 2016, this Court issued an order stating that it would interpret Petitioner's reply as an objection and gave Respondent additional time to file a response. Doc. 18. On August 29, 2016, Respondent filed a response to Petitioner's objection. Doc. 19. For the foregoing reasons, the Court shall accept and adopt Magistrate Judge Pyle's R & R as the findings of fact and conclusions of law of this Court and deny Petitioner's writ.

**I. Background**

The factual and procedural background in this case is thoroughly detailed in Magistrate Judge Pyle's R & R. The Court fully incorporates the "Background Facts" section of the R & R into this Order.

## II. Discussion

The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Where the parties object to an R & R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Here, Petitioner argues that Respondent improperly calculated his federal sentence by failing to award prior jail time credit.

A federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is being served." 18 U.S.C. § 3585(a). "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). The production of a defendant in state custody to a federal court pursuant to a writ of habeas corpus *ad prosequendum*, as is the case here, does not constitute the commencement of a sentence under federal law. *Schleining v. Thomas*, 642 F.3d 1242, 1243 n. 1 (9th Cir. 2011). "When an accused is transferred pursuant to a writ of habeas corpus *ad prosequendum* he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly." *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991).

Here, Petitioner's California sentence was completed on July 9, 2014 and his federal sentence computation commenced on that date. The BOP correctly determined that Petitioner served 595 days in state custody when, in fact, he should have served 487 days. Pursuant to 18 U.S.C. § 3585(b), the extra 108 days were credited towards his

federal sentence because the 108 days were not credited towards the state sentence. Therefore, Petitioner has received the custody credit that he is entitled to. Thus, his petition is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Jude Charles R. Pyle's Report and Recommendation is **accepted** and **adopted**. Doc. 14

**IT IS FURTHER ORDERED** that Petitioner Jamal Leland Landrum's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is **denied.** Doc. 1.

Dated this 8th day of November, 2016.

Raner C. Collins
Chief United States District Judge